## Halas *v.* Cavanaugh et al.

*Negligence—Joint tortfeasors—Plaintiff not required to elect, when—Concurrent and joint acts.*

It is error for the trial court, on motion of two joint defendants, to order plaintiff to elect against which of the defendants he will proceed, where the petition alleges that plaintiff was injured by reason of the carelessness and negligence of the defendants, that each of the defendants was negligently operating his automobile, that the two wrongful acts were concurrent, jointly contributed to, and were the direct and proximate cause of plaintiff's injury.

(Decided September 30, 1921.)

Error: Court of Appeals for Cuyahoga county.

*Messrs. Payer, Winch, Minshall & Karch,* for plaintiff in error.

*Messrs. Howell, Roberts & Duncan,* for defendants in error.

Ingersoll, J. This case comes into this court by petition in error from the court of common pleas of Cuyahoga county.

The petition in the court below alleged that the cause of action arose from the collision of two automobiles, one owned and operated by the defendant Charles A. Uhl, in which plaintiff, Bert Halas, was riding as a passenger for hire, and the other owned and operated by Malcolm Cavanaugh, the other defendant. The allegations of the petition with respect to the negligence of the two defendants, by which plaintiff was severely injured, are substantially as follows:

"By reason of the carelessness and negligence of the defendants, as hereinafter set forth, said motor vehicles collided with great force and violence, as a result of which the plaintiff was seriously injured as hereinafter described   *   *   *   that each of said defendants at said time operated their motor vehicles at a speed of approximately 30 miles per hour and did not have the same under control as they approached the junction of said highways; that each of said defendants, in the exercise of ordinary care, could have seen the other approaching said junction in ample season to have stopped said motor vehicles or slackened the speed or diverted the course thereof in season to have prevented said collision.   *   *   *   That as a direct and proximate result of the carelessness and negligence of the defendants herein set forth, and without any fault or negligence on his part, plaintiff was thrown from said motor vehicle of the defendant, Charles A. Uhl, to the pavement."

At the trial of the case below the court on motion of the two defendants ordered that the plaintiff should elect against which of the defendants he would proceed, and upon his refusal so to elect dismissed his petition.

This is the error complained of in this court. The law governing the case seems to have been well settled by various decisions in this state.

In the case of *Cincinnati Street Ry. Co.* v. *Murray, Admx.,* 53 Ohio St., 570, Murray was a passenger on a street car which had a collision with a railroad train, in which collision he was killed. His administratrix sued the street railroad company and the railroad company jointly. The court charged that "both railroad and street railway

might be found guilty of the wrongful act causing the injury, if both were concurrent in point of time and fact, and the wrongful act of each was the direct and proximate cause of the injury,'' and a judgment against both was affirmed.

The case of *Toledo Consolidated Street Ry. Co.* v. *Fuller,* 17 C. C., 562, also involved a collision between a street car on which plaintiff was a passenger and a railroad train, and judgment against both companies was affirmed.

The same is true of *Kopp* v. *B. & O. S. W. Rd. Co.,* 1 C. C., N. S., 596, affirmed without opinion in 71 Ohio St., 484.

Here we have two parties so negligently operating their automobiles at the same time that by a combination of their acts the plaintiff was injured. The two acts were concurrent and jointly contributed to plaintiff's injury, according to the allegations of the petition, and it seems to us that they come clearly within the law laid down by the foregoing authorities.

The principal authority relied upon by the defendants in error at the argument is the case of *Village of Mineral City* v. *Gilbow,* 81 Ohio St., 263, but we think the facts clearly distinguish that case from the case at bar. In the opinion of the case, on page 272, Davis, J., uses the following language:

''There was a misjoinder in this action. In the amended petition the complaint against the lot-owner is that he maintained upon his premises a dangerous pit, which encroached upon the sidewalk; and that he wrongfully and negligently failed to guard the same by barrier, light or other precaution. This is not complained of the village and manifestly does not affect or concern it. The

charge against the village is that it knowingly permitted the *sidewalk* to be in a dangerous condition, without any barrier between it and the pit or retaining wall on the abutting premises. This is an entirely different cause of action from that alleged against the abutting owner; and, if both were sustained by the evidence, they would at best be only concurrent and not joint acts.''

We believe, under the authorities, that in the case at bar there was no misjoinder, that the defendants were properly joined, and we therefore hold that the court below erred in granting the motion to compel plaintiff to elect and in dismissing the petition of the plaintiff, for which errors the judgment of the court below is reversed and the cause remanded to the court of common pleas for further proceedings according to law.

*Judgment reversed, and cause remanded.*

VICKERY, P. J., and SULLIVAN, J., concur.